FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### BALTIMORE DIVISION

2008 FEB 26 P 2: 45

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| **DONALD CLARK**<br>6706 Clinglog Street<br>Capitol Heights, Maryland 20743<br><br>Plaintiff<br><br>v.<br><br><br>**THE VANADIUM GROUP,<br>SSI SERVICE, INC.**<br>133 Three Degree Road<br>Pittsburgh, Pennsylvania 15237<br><br>and<br><br>**INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 99**<br>2461 Wisconsin Avenue, N.W.<br>Washington, D.C. 20007<br><br>Defendants | CASE NO:<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>AW08CV 514<br><br>**COMPLAINT**<br>(Jury demand endorsed hereon) |

For his cause of action against these Defendants, Plaintiff Donald Clark states:

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant International Union

of Operating Engineers Local no. 99, of which Plaintiff, an African-American male, was a dues

paying member, and was current in his dues. When Plaintiff suffered adverse employment

related reprimands and a demotion March 5, 2007, based upon his race, color, and age,

-1-

Defendant Union failed to properly represent him in his dispute with his employer, based his age, race, and color, in violation of federal law.

## II. THE PARTIES

2.  Plaintiff Donald Clark is at all times material hereto an African-American, 56 year old male citizen of the State of Maryland, and a resident of Prince George's County and the City of Capital Heights.   Plaintiff had been employed by Defendant as a certified HV AC mechanic.

3.  Defendant Vanadium Group, SSI Services, Inc. is a corporation that has been in existence for 20 years, with its headquarters located at 134 Three Degree Road · Pittsburgh, PA 15237.  It has three subsidiaries, one of which is SSI Services, Inc., located in Falls Church, Virginia.

4.  Defendant International Union, Local No. 99 is a person within the meaning of 42 U.S.C. § 2000e(a) and a person within the meaning of 42 U.S.C. § 2000e(b).

## III.  JURISDICTION and VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to  42 U.S.C. § 2000e-5(f)(3), 28 USC  § 1331.   Venue is proper in  this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant Union Local No. 99 maintains its headquarters in this District.

## IV.  CAUSE OF ACTION

6.  This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §  2000e, et seq.;  VII  sec. 703(a); and, the Age Discrimination in Employment Act of 1967, Pub. L. No. 90-202, codified as Chapter 14 of Title 29 of the U.S.C., 29 U.S.C. § 29 U.S.C. § § 621 - 634 (ADEA) which prohibits employment

discrimination against persons 40 years of age or older. 29 U.S.C. § 631(a).

7.   Both Defendants have discriminated against Plaintiff Donald Clark on the basis of his

race, color, and age.

8.   Commencing July 19, 2006, Plaintiff received several work related notices

based upon reprimands and warnings from his employer, based upon allegations of poor

performance, misconduct, and unreported absences, from his employer The Vanadium Group,

related to his duties incidental to his employment.

9.   On April 18, 2007, a meeting occurred regarding the Step II Grievance relating to

Plaintiff.   Attending this meeting on behalf of SSI management were Joe Munoz, Branch

Manager of Construction Renovations; and Betty Varner, Human Resources Manager.

Present for the Union were Michael Murphy, Business Manager; and, Plaintiff.

10.   Management alleged that Plaintiff was demoted from MIM HV AC to MIM

General Grade I, due to allegations of Plaintiff's poor work performance. SSI offered

alleged documentation supporting its action in the form of written warnings dated  July 19,

2006; January 31, 2007; and, March 5, 2007.   Defendant Vanadium, SSI alleged that even after

the warnings, Plaintiff did not improve his work performance, claiming that Plaintiff was

incapable of  reading and interpreting blue prints as a bona fide qualification required of the

position. Plaintiff was demoted effective 03/30/2007.

11.   Plaintiff did not read or interrupt any blue prints incorrectly as Plaintiff did

not perform any work on those assignments for which Plaintiff was blamed.

12.   On December 7, 2007,  James Fields called Plaintiff  into the Branch Manager's

office. At this meeting, Joe Munoz, Branch Manager; Blair Eller, Deputy Branch Manager; and

James Fields, construction supervisor, were present. Defendant Union failed to represent

Plaintiff. Plaintiff was accused of verbally threatening a co-worker, Robert Beaty, and was issued a verbal warning. Defendant Vanadium indicated that this was Plaintiff's third time complaint relating to taking excessive time to complete a job. Plaintiff explained that the three times for which he was being reprimanded were not based upon work that was assigned to Plaintiff. The two allegations relating to threats directed towards Robert Beaty were not based upon fact.

13. Plaintiff was the victim of harassment. After he filed complaints with the Defendants' EEO, his work environment changed. He has received no assistance from his co-workers, and his application for training classes has been denied. Other caucasian employees were treated differently, receiving proper training and assistance. The lower level "helpers" were placed in charge of jobs, and Plaintiff, though the only certified HV AC mechanic, was instructed to be their helper.

14. As a result of Plaintiff's complaint of December 12, 2006, Defendant Vanadium, SSI's management continued to harass Plaintiff by filing fraudulent letters of warning and reprimands against Plaintiff. All of this was the direct result of the discrimination based upon race, color, and age.

15. On March 5,2007, Plaintiff was given a written notice of demotion from Blair Eller (DBM) and Joe Munoz in the presence of the union representative, Harry Rupp, without indicating whether this notice was a warning or reprimand. Plaintiff refused to sign it because the allegations contained therein were untrue.

16. The notice of demotion was submitted to Plaintiff for a task that Plaintiff was assigned to do on January 31,2007. Plaintiff was also given a copy of the correct blue print for the assignment. The job was completed and confirmed by Joe Dawson, the electrician. Dawson also signed a written statement indicating same and that everything was working

fine.

17. The notice of demotion indicated poor work performance for room locations 5G and 7F19 for thermostat relocation installations. With regard to room location 5G, Plaintiff was instructed to relocate a thermostat and diffusers that Plaintiff had completed and everything was in proper working order.   However, when Plaintiff was questioned by Mr. Eller and Mr. Munoz about the blue print that indicated that the subject thermostats were improperly installed, Mr. Eller told Plaintiff not to worry about it because someone else was going to correct the error.  The name of the person who corrected the error was never disclosed.

18. Plaintiff was instructed to power up two fan coil units in room 7F19 on or about February 20, 2007.  Thermostats that were previously installed by someone else, were rewired by Plaintiff.  When they were found to be located in the wrong place, Plaintiff was improperly and wrongly accused of installing the thermostats.

19. In reference to room location 7F19, Plaintiff was instructed to power up two (2) Fan Coil Units (FCU) that was completed correctly, and confirmed by Joe Dawson.

20. After receiving this notice, Plaintiff contacted the Equal Employment Opportunity Office for the Federal Government and spoke with Raineca Palmore, Counselor/Investigator, who advised Plaintiff EEO for Defendant Vanadium and SSI.  When Plaintiff filed the second complaint dated February 20, 2007 through his union representative and informed the Office of Human Resources, Plaintiff was told that there was nothing that the Defendant company could do because this was a union matter.

21. Immediately after leaving the EEO office for the government, Plaintiff contacted

Betty Varner in Defendant Vanadium, and SSI Human Resources, and saw her the following day.

22. Betty Varner advised Plaintiff that he had not filed the correct form for filing a grievance. Plaintiff's union representative had never informed Plaintiff that he needed the proper form, but only instructed Plaintiff to submit a written statement of grievance, which Plaintiff did for the two (2) previous complaints. Because Plaintiff was not previously informed of the correct form to file, and was misinformed by his union representative, Plaintiff's complaints were not properly investigated according to procedures.

23. As part of this harassment, Robert Beaty falsely accused Plaintiff of verbally threatening and harassing Plaintiff as Plaintiff had complained in two (2) previous complaints of grievance. Blair Eller and Joe Munoz have continued in their practice and routine of harassment and discrimination against Plaintiff, as previously indicated in Plaintiff's union complaint of December 12, 2006.

24. Harry Rupp has not provided to Plaintiff competent and informed representation from the time of Plaintiff's employment with Defendant SSI Services and has never taken appropriate union representation relating to any of Plaintiff's complaints.

25. As a direct and proximate result of Plaintiff's race, as a black man, Plaintiff was treated differently from his white co-workers. This demotion of Plaintiff on March 5, 2006, was in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), and the ADEA.

26. Plaintiff Donald Clark was the victim of racially disparate treatment during his employment in the Defendant's Company, which adversely affected the terms, conditions and

privileges of his employment; and which failed or refused to take appropriate action to remedy

the effects of the discriminatory treatment of Plaintiff.  The alleged employment warnings, and

other charges of misconduct are exaggerated and unfounded and are the product of intentional

discrimination by Defendant Vanadium.  Defendant Local Union 99 refused to properly

represent Plaintiff and  made the decisions which adversely affected the Plaintiff's employment

as the result of malice or reckless indifference to the federally protected rights of Plaintiff.

27.  When Plaintiff sought redress of his rights pursuant to the civil rights statutes,

Plaintiff became the victim of retaliation by the Defendant Vanadium Group, through

additional adverse employment action, including demotion..

28.  Conditions precedent to the filing of this suit have been performed or  have occurred.

Based upon these violations of statute, Plaintiff Donald Clark timely filed a charge of

discrimination with the Equal Employ Opportunity Commission, Washington Field Office,

as EEOC case no. 570-2007-01485,  in which Plaintiff alleged that he had been subjected to

racial discrimination during his employment representation by the Defendant Union.  A copy of

that right to sue letter issued pursuant to that Charge is attached.

**WHEREFORE**, Plaintiff demands judgment against these Defendants and prays that

the Court grant the following relief:

(a) Enjoin the Defendants from failing or refusing to:

    (i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered
       as a result of the discrimination against him as alleged in this complaint; and

    (ii) take other appropriate nondiscriminatory measures to overcome the effects of the
       discrimination.

(b) Award compensatory and punitive damages to Plaintiff as would fully compensate him

for injuries caused by the Defendants' discriminatory conduct;

(c) Enjoin the Defendants from failing or refusing to:

    (i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against him as alleged in this complaint; and

    (ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(d) Award such additional relief as justice may require, together with Plaintiff's costs and attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C. 20006
Ph: 202-223-6767/fax: 202-223-3039

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

James Q. Butler